Thank you. Christian Kim on behalf of the appellants Jun-Ho Yang and Ho-Soon Yang. At the outset, I'd like to reserve five minutes for rebuttal. Your Honor, the central question in this appeal is whether or not a blanket admission of facts to an underlying state court complaint, which includes both fraud and non-fraud causes of action, by itself is sufficient for the application of collateral stop when a state court judgment excludes any express factual findings of fraud. The appellants admit that the answer to that is no. But before I get to the law behind why our position is no, I want to go over some of what happened in the first appeal. Now, as the Court is aware, there are two bankruptcy courts at issue here. The first bankruptcy court ruled on three separate motions for summary judgment. The first motion for summary judgment was denied based on collateral estoppel grounds. Now, the appellees won't dispute that. The second motion for summary judgment was based on the stipulated facts, which was denied for technical reasons. And then the third motion for summary judgment was the one that was granted, also based on the fact that the appellant Jun-Ho Yang has stipulated to the underlying facts in the state court complaint. Now, the first bankruptcy judge in this case, in his findings of fact and conclusions of law, did not include any findings of fact that the appellant, that the appellant, that there was any collateral estoppel issues, excuse me, that were decided upon, including whether or not the case was actually litigated or necessarily decided. It was based upon the factual allegations in the complaint, which stated that there were sufficient And then it wasn't until the case went to the Ninth Circuit that this court found that collateral estoppel is the only way that you could have this judgment apply in a subsequent proceeding. And it wasn't until after that time, on remand, that the appellees argued that, in fact, Judge Snyder, the first bankruptcy judge, must have decided the issues on collateral estoppel. And therefore, the only issue that needed to be decided was the issue of intent. Now, your honors, I submit that that conclusion is incorrect, based on the Ninth Circuit precedents that have been cited in the appellant's briefs. Now, I specifically point to the case of In-Rae Harman, as well as the Bank of China versus Huang case, and the Walderseed case. So in the Harman case, the Ninth Circuit found that although all the requirements of a 523-828 claim were present, sufficiently alleged in the underlying state court complaint, the court still had to make the determination that the threshold requirements to satisfy collateral estoppel were met. Specifically, the actually litigated and necessarily decided prongs. Now, because the complaint in that case included both fraud and non-fraud causes of action, and did not, in the corresponding judgment, did not include any expressed factual findings of fraud, the court could not apply collateral estoppel. And that was the same situation that occurred in the Bank of China case, as well as the underlying state court complaint included multiple causes of action. Under California law, you have to be able to determine that, in fact, the issue of fraud was necessarily decided in order for collateral estoppel to apply. And if that is, if that requirement is not met, then collateral estoppel is improper. Councilor, if I could, I want to interject. Yes, Your Honor. I have a question to clarify my understanding. Why? Why wouldn't it be true that even if an issue is resolved by a stipulation in a litigated case, that that stipulation is actually decided? Well, because if, for example, Your Honor, like in the case in Levinson, which is a case that's relied upon appellees, there was a stipulation, but the consent judgment in that case included expressed findings that there was defalcation that occurred. Now, unless there's expressed findings, a subsequent court can't know for sure whether or not the issue of fraud was, in fact, necessarily decided and actually litigated. That's why I submit, Your Honor, under California law, there is that expressed finding requirement. Dave, thank you, counsel. Isn't the language in the stipulated judgment pretty broad? I mean, it doesn't use the word fraud specifically, but it says stipulates to the facts according to claims made against them. And there can't we infer that there was a stipulated judgment and finding of fraud here? Well, Your Honor, I believe the judgment itself doesn't refer to any facts, perhaps the stipulation does, but the judgment itself only assesses a specific damages amount of, I believe, 3.6 million or so. And the appellants submit that that specific damages amount could have much just as easily have been based on the breach of contract cause of action, as opposed to the fraud cause of action. So as as the standard is set forth in the California Supreme Court case of Lucila versus Superior Court, Your Honor, I think it was the issue of fraud wasn't his entire was entirely unnecessary to the court's imposition of damages. In that judgment, the court could have the state court could have easily assessed the damages of 3.6 million or whatever it was exactly based on solely the breach of contract cause of action. The part a counsel in the settlement agreement, as I'm I'm reading it correctly, is the fact supporting your client explicitly admitted to, quote, the fact supporting the claims made against him. And that said facts are within the free. Well, and there's a whole question about this. There's legal questions about not being able to free to side issues for a bankruptcy. But just the fact that he would say, I'm explicitly admitting to these facts and I think these facts are consistent with a statute that is about fraud. Seems to me like it's all but saying that he's admitting to fraud. Well, you know what I mean? I guess I would I would submit that that paragraph is a invalid prepetition waiver of the bankruptcy discharge. That's putting that aside because that's sort of a separate legal issue that we're just talking about, you know, going all the way back to Judge Gould's question. And there's these follow up question that, you know, what about if he why isn't it enough that he admitted to, you know, that party stipulated essentially to fraud? He says that he agrees to these facts. You read the facts. They actually that we're in the we're in the complaint. They definitely all of the facts. If you if you accepted all of them, there's definitely lots of fraud there. And then he goes on to say that those facts are within the phrasing of a statute that's about fraud. So putting aside the prepetition waiver and if you're just looking at this is has he has he admitted to fraud as he stipulated the fraud? It's hard for me not to see how that is in the stipulation to fraud. Well, your honor, there's a lot of facts that are stipulated to in in the complaint. As I pointed out, there's multiple different causes of action that don't relate to fraud. So the determination is what did the judge decide in the state court? Was it necessarily decided that it was that the state court judge necessarily decided to fraud issue? I don't think that you can say that unless there's actual express factual findings of fraud in the judgment itself, which there's not in this case. I think so just to make sure I understand your position is the parties can agree that there was fraud what they can submit to the judge could include that agreement that there was fraud along with other things. But if the but if if what they submit to the judge and the judge signs doesn't itself include the findings of fraud and your position would be I mean, that the judge that the judge may have decided he may have been willing he or she may have been willing to sign this based on agreement with the contract breach allegations as opposed to fraud. Is that that's I think that's what your whole argument maybe turns out. Well, your honor, I would submit that the paragraph doesn't necessarily mean that the defendant was admitting to fraud per se. It's admitting to all the facts in the complaint in order to settle the case. But I wouldn't necessarily say that it's that that stipulation of facts to all the facts in the complaint equates to an admission of fraud that can be used in collateral stuff on the California law. I guess to send down I understand that not every fact that he may have admitted to would be a fact that would support fraud. But certainly some of the facts that he admitted to would support fraud. And he goes further and says, I admit that that these facts would fall within a statute that is about fraud. And so I guess that's what I'm saying. I think so that part are for me to see how your client gets away from that. So it seems to me ultimately your argument kind of turns on. Yeah, but notwithstanding that, unless the judge actually what the judge signed, having had an explicit sort of finding of fraud, then that's not good. And that's what you have to have. I think I see that my time is up, your honor. If I can let me just respond quickly. So, your honor, I believe that even if the complaint has sufficient allegations to show fraud, there still has to be threshold requirements of collateral stuff will still have to be met. And I don't believe in the police have not cited any case in California, or deny surrogate that would that would support the position that the admission itself is sufficient absent express findings of fraud in each of those. With that, I can reserve the rest of my time. Thank you. We'll proceed to Mr. Edwards. Mr. Kim, for your planning purposes, we'll add an extra minute to your rebuttal. Thank you, your honor. Uh, may it please the court. Mark Edwards appearing for a Pele Fund Management International. Uh, initially, I think I would be remiss if I didn't, um, point out to the court that this matter is is now 20 years old, having been commenced with the state court action in 2001 and having now been up and down, um, uh, appellate court and appellate court process twice. Uh, I'd like to address perhaps, uh, I think the central issue, which is on appeal here, which is the sufficiency of the stipulation of facts. And I think that based upon the discussion had, uh, with my colleague, uh, in his opening remarks that, that, and the comments of this court, this appears to be the central issue. Um, and really what it boils down to is whether or not a stipulation of all facts that support all the claims in a complaint should be deemed sufficient. And another way of putting that is does the fact that the parties voluntarily stipulated to all facts supporting all claims in the state court complaint? Um, is that any less effective than if the parties had decided to comb through, um, a multi page complaint that has, I think, in excess of 180 paragraphs and hundreds of factual allegations and had it gone to the trouble of actually determining or attempting to determine what it was that the parties did or didn't want to stipulate to now suffice to say, if if the appellants, uh, did not want to stipulate to certain facts in the state court complaint, they certainly didn't didn't have to. They could have elected to negotiate the settlement and the stipulation for entry of judgment such that only those facts which they were willing to stipulate to were included in those documents. And then that way, if they truly intended not to stipulate to facts that would support a basis for a for fraud and for non discharge ability under 5 23, they could have. They could have proceeded in that fashion, but they didn't. And we're not here to rewrite what the parties who were represented by counsel and who had negotiated who had litigated this case for several years before deciding to settle the case. Um, you know what they intended. And so I would submit. And as I think Judge Gould and Judge Lee pointed out, the fact that there is a stipulation to all facts supporting all the claims in the state court complaint doesn't make the stipulation of facts defective and doesn't negate the fact that among the facts stipulated to are clearly and I don't think there's any dispute here that there are clearly facts that support findings of fraud. And in fact, those facts were identified by FMI in its motion for summary judgment, and those facts are clearly identified in the bankruptcy courts, findings of fact and conclusions of loss. So there is no misunderstanding here as to what facts were being relied upon by the by the bankruptcy court when it went back and reviewed the stipulated facts. Uh, I would also point out, and I believe one of the justices mentioned this earlier that it wasn't just that the Yang's stipulated to all the facts supporting the claims in the state court complaint. But but paragraph 12 of the settlement agreement goes further. It says that they're doing so, and they're admitting that the facts create liability and are within the meaning of if there's any dispute over what they intended and that there was a stipulation to facts that would support fraud claims, then the document itself makes it clear that that that in fact, that's what they did, that there was a stipulation of facts. And among those facts, there was a stipulation that there was liability under Section 5 23 and with respect to the issue raised, uh, as to whether or not the judgment itself needs to specify the specific findings upon which it's based. Um, I would submit that it does not. Uh, the appellant failed to cite any case authority that supports, uh, such a holding. I'm not aware of any, uh, case that supports such a holding. And the cases that are briefed extensively in in in both appellant and appellees briefs indicate that that it is possible to have the application of collateral stoppel, uh, in connection with a stipulated judgment and a stipulated judgment is entered based upon a stipulation of the parties. And in this case, there was a stipulation for entry of judgment, which provided for judgment to be entered based upon all the facts, uh, uh, that were, uh, stated in the state court complaint. And the judgment will be would be entered based there on. And so when the court in 2008 the state court entered the judgment, it did so based upon the stipulation for entry of judgment. And so as a result, the judgment is based upon the stipulation of judgment, which in turn is based upon the stipulated facts that are contained in both the stipulation for entry of judgment and the settlement agreement. If I can ask you one question here, one thing that was a little bit odd and looking at the our prior than just on this case as well as the bankruptcy courts decisions is when they talk about collateral stoppel, you know, odd thing is they really don't discuss the traditional elements of collateral stoppel, um, you know, deciding, uh, necessary to decide or actually litigating. Um, and that seems a little bit odd to me. Why is that? Is that because we're assuming that those are easily met because of the stipulated judgment? Maybe it just seemed odd to me that they never discussed those elements. I'm reading those opinions. Well, um, your honor, I think, I think, I think Judge Russell, uh, who was, uh, presiding over the bankruptcy proceeding following the remand. Um, and of course, this is a little bit unusual because I guess in large part because the case has gone on as long as it has that we actually ended up with two, um, uh, two bankruptcy court judges in connection with this matter. But I believe that Judge Russell, um, in part, um, believe that that his review of this court's mandate indicated that the court, the Ninth Circuit had reviewed the record in this appeal and had done so in the context of the application of collateral stop, whether or not it should or shouldn't be applied. And that it had indicated whether, whether expressly or impliedly that what was missing for application of collateral stop was the issue of whether or not Mr. Yang intended to be therefore remanded on that basis. And I believe if the court reviews the transfer from the hearing bifurcated trial that occurred in front of Judge Russell, Judge Russell very candidly acknowledges that that's what he understands the mandate is and that he believes that this court has already reviewed the record and determined that there is one issue of collateral stubble that needs to be, uh, that needs to be addressed. And so he limits, uh, he limits the hearing and his, um, specific findings in that regard, although he does adopt, uh, Judge Niders prior findings of fact and conclusions of law. And in fact, um, there is, I would submit, Your Honor, that there is there are portions of the findings of fact and conclusions of law that that would indicate, um, that Judge Nider did, um, did, in fact, make findings that would support the elements of, of, uh, absolutely litigated necessarily decided. But, but, but to answer your question, I think that's what, but I would add, Your Honor, that, um, appellant raised this issue in front of Judge Russell and took the position. And I should be clear that that my colleague, I think, stated the fact that Pelly didn't take the position that the hearing that it necessarily needed to be limited. It certainly wasn't for us to make that determination. That was the bankruptcy court's decision. Judge Russell made it imminently clear from the minute we returned to his believe that this court's mandate limited, uh, limited what it is that he was to consider at the evidentiary hearing. However, he did allow, um, he did allow appellant to raise whatever additional issues vis a vis collateral stopple that it's thought should be considered by the court because he wasn't, he had indicated that's how we intended to proceed. But he said, go ahead, submit a trial brief. And if you want to raise other issues, raise them. I would I would point out to this court that appellant did not raise those elements in its trial. It did not contest the issues of actually litigate or necessarily decided, um, with respect, uh, to the application of collateral stopple. It only raised the issue of whether or not the findings were specific enough. In other words, that that issue that I think we spent most of our time on today, which is whether or not a stipulation of all facts is is sufficient, uh, to support a finding of fraud in this case. And if I could, as my time, if I may switch to another question on it relates to Mrs Yang wife. I understand your arguments about privity that married, but it's clear from the record that the parties wanted to exclude her. She's not in the settlement agreement. I think, you know, it's clear she wasn't intended to be included here. I mean, what else could the parties have done more here to exclude her? I mean, it's just that sheer virtue of privity. There's no way to exclude her. Well, let's be clear. Let's be clear. You're under the record indicates that Mrs Yang was not excluded from the settlement. She's a part of the settlement. The term Yang is defined in the first paragraph. The settlement agreement includes Mrs Yang. And so one would argue that the use of Yang and the settlement agreement includes Mrs Yang. Also, paragraph three of the settlement agreement contains a series of essentially restrictive covenants that that Mrs Yang was bound by. In other words, there were provisions to ensure that the Yangs did not set up new companies, uh, and and and not use of funds derived from those new companies to satisfy the settlement amount. Uh, and and so, therefore, she had affirmative obligations under paragraph three to the extent, uh, new companies were were created. In fact, that happened, and that's a subject of a separate lawsuit. Uh, not not not the subject of this appeal, but it clearly indicates that Mrs Yang had had those obligations. Um, what? What? What really is is the only real issue here is the fact that Mrs Yang and there is no dispute that Mrs Yang was not made a judgment. Um, but that's one thing. And to say that Mrs Yang wasn't part of the settlement, uh, is another. And I think that's the whole point of the privity argument, Your Honor, is that she's bound by that judgment, not withstanding the fact that she's not, uh, party to it based upon the principle of of privity. And I would also add that again, um, Mrs Yang's there were than against than there were against Mr Yang. But there are allegations of the complaint with respect to Mrs Yang concerning, uh, fraud and in every phase of this litigation, including all the all of the intermediate pellet of reviews, both the bath in the first instance of the district court in this sense, both of those courts recognized that that Mrs Yang was the subject of fraud allegations and therefore the subject of some stipulated facts in the in the underlying documents. What do we do with the testimony from FMI's executive principle thing that parties intended to exclude her? No, they intended to exclude her from the judgment. That's the testimony. Not that they intended to exclude her. She was being that he indicated Mr Walker indicated that Mrs Yang that they had agreed. FMI had agreed that Mrs Yang would not be a party to the stipulation for a true judgment. Um, and and so there's no dispute about that. But that doesn't that doesn't mean that she wasn't a party to the settlement and that she didn't stipulate the facts and that she didn't have affirmative obligations under under, uh, paragraph three. And so I'd submit that that the arguments that that prior courts in this case have have relied upon and that we also have stated in our briefs would support her inclusion on the complaint for non discharge ability. Um, I appear to. I think the court was kind enough to give me an additional minute. I'm happy to address any questions that the court may have, since this is my one opportunity to follow up on on Judge Lee's question. I think if I'm following your argument correctly, you know, you you keep referring back to back that she was and you didn't. You're brave. She's party to the settlement. And, um, but I'm not sure. Is that actually does that make a difference to your legal argument that your legal argument is that she's bound because of privity, right? That's what your legal argument turns as your legal argument of her being bound of her being subject to collateral stop will turn on the fact that whether or not she was a party to the settlement agreement because I'm sure it does. I guess I think you're your honor. If I might, I think I think they both support. I think they're independent basis is for supporting. I think that that's right. Then you're saying if we could pretend for a second that she had not been about that she had not entered into the settlement agreement, I still think you would be arguing based on your legal argument or your legal argument would still, um, support the idea that she would be subject, that she would be roped in under collateral stop. I think that's right. Yes, that's great. And I think ultimately, Judge Lee's concern is sort of a valid one, which is there is nothing she could have done. I mean, you say, well, you mentioned these other things that were involved, but none of those really matter. Ultimately, at the end of the day, because of privity, your argument is she would have got roped in, um, regardless of, uh, any of these other, uh, regardless of whether she done any of these other things. Well, I think it's an independent argument. I do believe that that alone which would support it. But I think separate from the privity argument, the fact that she was she was also a debtor in the bankruptcy proceeding. And your honor, she is named as a defendant in FMI's complaint for non discharge ability at no time. I hear you. I see your point. I think I think at least the way I took it, Judge Lee was impressing concern. Like, so there's no way the way you're your privity argument means there's no way you could actually exclude somebody, even if you wanted to. And I think I think you're you're that that's true. I think your privity argument means there's no way she could have been excluded. She could have done whatever she wanted, and she still would have got roped in under your argument. Well, it's my argument, and we rely on the Reynolds decision in that regard. But I would I would add that I think independently. That's true, Your Honor. And I think in connection with the reasons I just previously stated what her involvement was relative to the allegation of state court complaint, her being a party to the settlement agreement, her being a debtor in the bankruptcy and her being a defendant in the complaint for non discharge ability. When you consider all those facts, I think if there's any doubt in this case, there's no question that that's the case. Um, my time appears to be up, and the only thing I'd ask this I'd ask this court is, uh, we and if and to the extent there's any issue that this court sees in connection with whether or not paragraph 12 constitutes prepetition waiver, which we maintained it that it's not. And also the fact that even if it did, um, the Cole case in Levenson case, making clear that that the court can still look to the stipulated facts in determining the issue of collateral stop. If there are any questions in that regard, I'd be happy to address. I have no questions. Justly. Council. Thank you. You're free of questions, and we're gonna let Mr. Kim have for a bottle. Thank you, Your Honor. First, I'll respond to my colleagues comment about us. The appellant is not citing any cases that would support a denial of collateral stopple and pre stipulated judgments. We did, in fact, cite two cases, which is correct, which are directly on point. Um, the world is a case as well as the Bank of China, which is funky. Both cases involved stipulated judgments. Uh, in both cases involved both fraud and non fraud causes of action. But the courts men circuit that the phone case found that collateral stopper should not apply because there was no express finance effect. That's equally true in the district court case. But when you can do all this situation where the party stipulated to a judgment in that case as well, but the fact that there was no, um, findings of fact was fatal for collateral stopper purposes. In addition, my colleague talks about the Bank of support reliance on coal and Levinson as the basis for being able to rely solely on the stipulated facts. Support is where the statement of coal is dicta is not presidential authority, and it essentially just cites to claim in versus Levinson, which is seven circuits. And that case is clearly distinguishable here because, um, as I alluded to earlier, you can send judgment. That case included express actual findings of defalcation. So I believe that those issues those cases are not determined whatsoever in this in this particular appeal. Now, with respect to Mrs. Yang, your honors, um, we don't deny that she would have community responsibility if there was a non dischargeability judging against the husband based on credibility. But I think the point is, is that she was not included in the judgment. She was not included in the stipulation to grant you judgment. And now to use collateral stopper to have her collateral stop from disputing a judgment where she's not even the name judgment debtor is improper, because ultimately, she has community responsibility if she has non dischargeability judgment against her now, that impacts not only the community estate, but also her separate property. So that's, that's, that's really the issue here when it comes to Mrs. Yang. And with that, your honors, if there's any questions, I'll be happy to answer them. Ain't none here. I think we don't have any questions. And I want to say, I admire the perseverance of counsel in vigorously representing their clients for a couple of decades. We'll try. We'll try to make a ruling before another 20 years passes. The, uh, the Yang case shall now be submitted with our thanks to the adverse, the advocates. Thank you. Thank you, your honor.
judges: Gould, Lee, Vandyke